UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES C. WILLIAMS,<br>*Petitioner*, | : <br> : <br> : <br> : | Civil No. 3:22-cv-465 (OAW) |
| v. | : <br> : | |
| COMMISSIONER, et al.,<br>*Respondents*. | : <br> : <br> : <br> : | OCTOBER 18, 2022 |

## RULING ON MOTION FOR RECONSIDERATION

Petitioner, Charles C. Williams, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction for unlawful restraint. ECF No. 1 ("Petition"). On June 7, 2022, the court denied the petition for failure to exhaust state court remedies before filing this action. *See* ECF No. 11. Petitioner now seeks reconsideration of that decision on the ground that the court failed to address his request for a stay or continuance to enable him to pursue his claims in federal court after his release from custody. ECF No. 12. In support of his motion for reconsideration, Plaintiff recently submitted "additional information" in which he contends that the state courts are deliberately attempting to deny him meaningful access to the courts.

Plaintiff's motion for reconsideration is untimely. However, even if Plaintiff had filed timely filed such motion, he has not presented any law or fact which the court overlooked in his Petition, and would justify reconsideration. Accordingly, Plaintiff's motion for reconsideration (ECF No. 12) hereby is **DENIED**.

I. **DISCUSSION**

Local court rules provide that a motion for reconsideration must "be filed and served within seven days (7) days from the date of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)1. Petitioner filed his motion on August 2, 2022, nearly two months after the court's ruling denying his Petition. Thus, the motion is denied as untimely filed.

Further, even if the motion were timely, it should be denied. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). The local court rule requires that a motion for reconsideration "be accompanies by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.

    i.    <u>Petitioner Is Not Entitled to a Stay Pending State Court Exhaustion</u>

Throughout the Petition, Petitioner repeatedly asked the court to waive the exhaustion requirement. *See* ECF. No. 1 ¶¶ 29-32, 41, 48-49. The only mention of a continuance is in the request for relief in which Petitioner states: "Petitioner prays the district court would waive his exhaustion requirement and/or give petitioner a continuance to preserve his right to Federal habeas." *Id.* ¶ 132A.

District courts have authority to issue stays. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In *Rhines,* the Supreme Court clarified the circumstances under which the district court should stay a federal habeas action where petitioner failed to exhaust his state court remedies before filing the federal petition. The Court found it necessary to do

2

so because the AEDPA has instituted a one-year limitations period for filing a federal habeas petition. If the district court dismissed a petition for failure to exhaust state court remedies, the limitations period might render the petitioner unable to obtain federal habeas review of his exhausted claims. Thus, the Court adopted a stay and abeyance procedure in some instances. The Court noted that "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *id.* at 277, and held that, where petitioner had filed a mixed petition, *i.e.*, a petition containing exhausted and unexhausted claims, the district court should stay the petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court considered the issue whether an untimely state habeas petition would toll the federal one-year limitations period. The petitioner had not exhausted any of his claims for relief. The Court noted: "A prisoner seeking postconviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted[.]" *Id.* at 416. Again, the issue was whether the federal claims would be time-barred. Based on the dicta in *Pace*, some circuits have applied *Rhines* to federal habeas petitions that are wholly unexhausted. *See, e.g., Mena v. Long*, 813 F.3d 907, 910-12 (9th Cir. 2016), *Doe v. Jones*, 762 F.3d 1174 1181 (10th Cir. 2014); *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The Second Circuit has not done so.

However, the issue here is not the timeliness of a federal petition. Neither the Supreme Court nor the Second Circuit has applied stay and abeyance in the circumstance presented here, where the petitioner could conclude his sentence before the state proceedings are completed. Petitioner provides no authority warranting a stay under these facts. Thus, he identifies no law the court overlooked.

      ii.    <u>Petitioner May Not Relitigate the Court's Determination as to the Delay on his State Habeas Petition</u>

Petitioner also contends that "the state courts are deliberately attempting to deny petitioner a meaningful access to court to allow [him] a fair opportunity to have [his] Brady Claims fairly and correctly adjudicated." ECF No. 13 at 2. In support, Petitioner states that "he has been delayed justice for over 8-years which state court Judge Chaplin failed to adequately analyze All Brady material petitioner presented at his habeas trial." *Id.* This additional information submitted in support of Petitioner's motion for reconsideration fails to identify "controlling decisions or data the court overlooked" when ruling on his Petition. *Shrader*, 70 F.3d at 257.

In its ruling denying the Petition, this court concluded that the delay between Petitioner's state habeas petition on March 9, 2015, and the decision issued on March 4, 2022, "was not due to the mismanagement of the case by the state court." ECF No. 11 at 5. Instead, this court found that the delays in resolution of the habeas petition could be attributed to Petitioner's repeated amendment of his state habeas petition, and the public health and safety concerns related to the COVID-19 pandemic. *Id.* Petitioner has not identified any legal or factual matter contained within his Petition which would lead the court to a different conclusion as to the reasons for the delay he faced in state court.

To the extent that Petitioner disagrees with the court's conclusion, he "may not use a motion for reconsideration to relitigate the merits of a question which has already been decided." *Traylor v. Hammond*, No. 3:12CV01625 (AWT), 2013 WL 11325230, at *1 (D. Conn. Aug. 29, 2013) (citing *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Thus, Petitioner has failed to satisfy the requirements for a motion for reconsideration.

## II.   CONCLUSION

Petitioner's motion for reconsideration (ECF No. 12) hereby is **DENIED** as untimely filed.  The court concludes that jurists of reason would not find it debatable that Petitioner failed to timely file his motion for reconsideration.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

**IT IS SO ORDERED.**  Signed this 18th day of October 2022 at Hartford, Connecticut.

                                                 /s/
                                  OMAR A. WILLIAMS
                                  United States District Judge